# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANGELO ROGERS,<br><br>    Plaintiff,<br><br>v.<br><br>CDCR DOCTORS AND PSYCHOLOGIST, *et al.*,<br><br>    Defendants. | Case No. 2:18-cv-07251-ODW (AFM)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |

On August 17, 2018, plaintiff, a state prisoner presently confined at California State Prison in Represa, California, filed a Complaint (ECF No. 1) in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees. (ECF No. 4.) The Complaint named as defendants psychiatrist Hagbbin at Mule Creek State Prison ("MCSP") (ECF No. 1 at 3); psychologist Mike Seliktar at California State Prison, Los Angeles County in Lancaster, California ("CSP-LAC") (*id.*); psychiatrist Thomas Haspel at MCSP (*id.*); another psychiatrist at MCSP, Jake Adams (*id.* at 4); and psychiatrist Keykhosrow Rastegari at CSP-LAC (*id.*). Plaintiff named each defendant in his or her official capacity only. (*Id.* at 3-4.)

The Court screened the Complaint prior to ordering service for purposes of

determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district

court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) ("Rule 8") states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth factual allegations

3

sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following careful review of the initial Complaint, on October 22, 2018, the Court found that it failed to comply with Rule 8 because it failed to state a short and plain statement of each claim that was sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, the allegations in the Complaint appeared insufficient to state any claim upon which relief may be granted. Accordingly, the Complaint was dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted). If plaintiff desired to pursue this action, he was ordered to file a First Amended Complaint no later than thirty (30) days after the date of the Court's Order, remedying the deficiencies discussed in the Court's Order. Further, plaintiff was admonished that, if he failed to timely file a First Amended Complaint or failed to remedy the deficiencies of this pleading as discussed therein, the Court would recommend that this action be dismissed without leave to amend and with prejudice. (ECF No. 7.)

Plaintiff filed a First Amended Complaint ("FAC") on October 26, 2018. (ECF No. 8.) In the FAC, plaintiff names the same defendants as the initial Complaint, each in his or her official capacity: psychiatrist Hagbbin at MCSP (*id.* at

5); psychologist Mike Seliktar at CSP-LAC (*id.*); psychiatrist Thomas Haspel at MCSP (*id.* at 6); another psychiatrist at MCSP, Jake Adams (*id.*); and psychiatrist Keykhosrow Rastegari at CSP-LAC (*id.*). Plaintiff seeks monetary damages. (*Id.* at 10.) Although the FAC is significantly shorter than the Complaint, for the most part, the FAC did not remedy the deficiencies identified in the Court's October 2018 Order.[1]

Following careful review of the FAC, the Court finds that it once again names all defendants in their official capacities and fails to comply with Rule 8 because it fails to state a short and plain statement of plaintiff's claim that is sufficient to give each defendant fair notice of what plaintiff's claim is and the grounds upon which it rests. In addition, its allegations appear insufficient to state any claim upon which relief may be granted. Accordingly, the FAC is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039.

**If plaintiff desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a Second Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without further leave to amend and with prejudice.[2]

---

[1] It appears that in the FAC, plaintiff removed the attachment from the initial Complaint and otherwise kept the description, supporting facts, and request for relief regarding Claim 1 the same.

[2] Plaintiff is advised that this Court's determination herein that the allegations in the FAC are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a Second Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file

**A.      Claims against defendants in their official capacities**

The FAC once again purports to seek monetary damages against all defendants in their official capacities. (ECF No. 8 at 5-6.) It appears that all defendants are employed by the California Department of Corrections and Rehabilitation (the "CDCR"), which is a state agency. Accordingly, the claims against defendants in their official capacities are treated as claims against the State.

As discussed in the Court's October 2018 Order, the Eleventh Amendment bars federal jurisdiction over suits by individuals against a State and its instrumentalities, unless either the State consents to waive its sovereign immunity or Congress abrogates it. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984), *superseded by statute on other grounds*. In addition, "the eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages." *Bair v. Krug*, 853 F.2d 672, 675 (9th Cir. 1988) (citing *Papasan v. Allain*, 478 U.S. 265, 278 (1986)). To overcome this Eleventh Amendment bar, the State's consent or Congress' intent must be "unequivocally expressed." *Pennhurst*, 465 U.S. at 99.

The CDCR and its correctional facilities are state agencies that are immune from civil rights claims raised pursuant to § 1983. *See id.* at 100 ("This jurisdictional bar applies regardless of the nature of the relief sought."). Here, plaintiff may not proceed with any civil rights claims seeking damages against any employee of the CDCR or its correctional facilities in that employee's official capacity. Plaintiff must allege that each defendant "through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676-77.

///

///

---

Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

**B.     Rule 8**

Plaintiff's FAC once again violates Rule 8 and fails to state a plausible claim against any named defendant. In order to state a claim against a particular defendant for violation of his civil rights under § 1983, a plaintiff must allege that the defendant deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 624 (9th Cir. 1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis and alteration in original).

Since plaintiff is a *pro se* litigant, the Court must construe the allegations of the FAC liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, plaintiff's FAC must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347.

Here, the FAC still does not clearly inform the defendants of the factual basis of plaintiff's claim. The FAC is now 10 pages and alleges one claim, but the claim that plaintiff purports to raise is still largely unintelligible. In "Claim 1," plaintiff appears to allege that his "court-ordered" injection was stopped on June 8, 2017 for

eight months when he refused "pill form medication," and he was not given "back up" medication. (ECF No. 8 at 7-9.) While plaintiff alleges that "force has been used on me . . . when I do not take my . . . court ordered medication," he also alleges that he was not forced to take the prescribed medication and that no "back up shot for refusal of meds" was provided for eight weeks. (*Id.* at 8-9.) He further alleges that he was "pepper sprayed" on September 28, 2017 for assault on a peace officer and "was not given any court ordered meds." (*Id.* at 8.) He alleges that he "caused confrontations wit[h] officers not obeying orders meeting their approach wit[h] aggression that usually leads [to] an argu[]ment then me utilizing violence, hallucinations cause me [to] want [to] be alone every day even tho[ugh] [until this] day I'm on psychotic meds [and] have a back up injection it's bec[ause] I'm paranoid [and] suspicious that the staff I encountered wit[h] negative attitude will come [and] get revenge." (*Id.*) Overall, Plaintiff fails to link any allegation to a particular defendant, fails to allege where and when in the eight-month period the alleged events occurred, and fails to allege what constitutional violation the events allegedly gave rise to. To state a claim under § 1983, he must do so in a clear fashion to give defendants fair notice of the claim he is purporting to raise against them, the factual basis for such claim, and/or the legal basis for such claim.

Plaintiff is again admonished that he must comply with the Local Rules regarding the format of a pleading, such as L.R. 11-3.2, which requires that the lines on each page be numbered and that no more than 28 lines of double-spaced text be on each page. Irrespective of his *pro se* status, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"). Plaintiff must also comply with Fed. R. Civ. P. 10, which requires that the caption of a pleading include all defendants listed in the body of the pleading. Here, the caption of the FAC does not list any specific defendants by name.

1    For these reasons, the Court finds that plaintiff's FAC violates Rule 8 and fails
2 to state a claim against any defendant upon which relief may be granted.  If plaintiff
3 wishes to pursue a federal civil rights claim against any defendant, then plaintiff
4 should set forth a short and plain statement of each claim showing that each defendant
5 took a specific action, participated in another's action, or omitted to perform an action
6 that caused each alleged constitutional deprivation.

**C.     Claims for constitutionally inadequate medical care**

Plaintiff's FAC once again sets forth allegations concerning medical care that he received, apparently at multiple facilities.  As addressed in the Court's October 2018 Order, plaintiff's claim appears to arise under the Eighth Amendment.

In order to establish a claim under the Eighth Amendment for inadequate medical care, a prisoner must show that a specific defendant was deliberately indifferent to his serious medical needs.  *See Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  "This includes both an objective standard – that the deprivation was serious enough to constitute cruel and unusual punishment – and a subjective standard – deliberate indifference."  *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (internal quotation marks omitted). The objective element is met by showing "the existence of a serious medical need." *Id.*  The subjective element is met by showing "that a specific prison official acted with deliberate indifference," which is shown "only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation omitted); *see also Estelle*, 429 U.S. at 104-05 (stating that deliberate indifference could be "manifested by . . . prison guards in intentionally denying or delaying access to medical care or intentionally interfering with treatment once prescribed") (footnotes omitted).

Here, plaintiff's FAC does not simply, concisely, and directly set forth factual allegations that raise a reasonable inference that any defendant acted with deliberate indifference to any serious medical need.

************

**If plaintiff still desires to pursue this action, he is ORDERED to file a Second Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the original Complaint or First Amended Complaint, or any other pleading, attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a Second Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a Second Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 2/27/2019

_____*[signature]*_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE

Attachments: Civil Rights Complaint (CV-066)
　　　　　　　Notice of Dismissal (CV-009)